UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DAVID SCOTT LEE,

        Debtor,                               Case No. 05-72792
                                            HON.  GEORGE CARAM STEEH
_____/

CHASE MANHATTAN MORTGAGE CORP.,

        Appellant,

                                    Bankruptcy Case No.  04-46174
vs.                                     Adversary Proceeding 04-4442

MARK H. SHAPIRO, Trustee,

        Appellee.
_____/

ORDER GRANTING APPEAL AND REVERSING
BANKRUPTCY COURT JUDGMENT OF JULY 8, 2005

        This is an appeal from a judgment of the Eastern District of Michigan Bankruptcy Court, which granted summary judgment in favor of the Trustee, in this adversary proceeding.  The Trustee moved for judgment upon his claim to avoid defendant-appellant's mortgage as a preferential transfer under 11 U.S.C. § 547.  The summary judgment declared the mortgage lien of appellant Chase Manhattan Mortgage Corporation ("Chase") to be avoided.

        For the reasons that follow, the Court reverses the summary judgment granted by the Bankruptcy Court in favor of the appellee, Trustee, and grants summary judgment in favor of the appellant, Chase.

1

STATEMENT OF FACTS

In 2001, David Scott Lee ("Debtor") purchased real property commonly known as 129 West New York, Pontiac, Michigan (the "Property").  To secure the repayment of a purchase money loan, the Debtor granted a mortgage against the Property to Flagstar Bank (the "Purchase Money Mortgage").  Subsequently, the Purchase Money Mortgage was assigned to appellant, Chase.

On October 6, 2003, the Debtor obtained a loan, secured by a mortgage (the "Refinance Mortgage") against the Property, from Chase for the purpose of paying off the loan secured by the Purchase Money Mortgage (the "Refinance Loan").  All proceeds of the Refinance Loan were used to pay off the loan secured by the Purchase Money Mortgage and associated costs.  The Purchase Money Mortgage paid off by the Refinance Loan was discharged via a Discharge of Mortgage dated October 27, 2003.  The Refinance Mortgage was recorded with the Oakland County Register of Deeds on December 17, 2003.  On March 4, 2004, the Debtor filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.

On April 26, 2004 the Trustee commenced the instant adversary proceeding to avoid the Refinance Mortgage.  The Trustee then filed a motion for summary judgment with the Eastern District of Michigan Bankruptcy Court seeking judgment avoiding the Refinance Mortgage in favor of Chase as a preferential transfer pursuant to 11 U.S.C. § 547(b).  Chase in turn, filed a cross-motion for summary judgment asserting that the "earmarking doctrine" precludes the Trustee's § 547(b) preference claim.  On May 26, 2005, the Honorable Judge Steven Rhodes denied Chase's motion for summary judgment and granted the Trustee's motion for summary judgment holding that Chase's

2

mortgage in Debtor's Property, the Refinance Mortgage, avoided as a preferential transaction pursuant to 11 U.S.C. § 547(b).

<u>STANDARD OF REVIEW</u>

When a Bankruptcy Court's decision is appealed to the District Court, the District Court is bound by the Bankruptcy Court's findings of fact unless they are clearly erroneous.  Bankr. Rule 8013.  This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo.* <u>Rembert v. AT & T Univ. Card Serv. (In re Rembert)</u>, 141 F.3d 277, 280 (6th Cir. 1998).

<u>ANALYSIS</u>

Chase perfected its security interest in the Debtor's Property after the expiration of the 10 day relation-back grace period established by §547(e)(2) of the Bankruptcy Code. The Trustee argues that when a creditor perfects a security interest by causing a mortgage instrument to be recorded more than 10 days after the granting of such interest by the Debtor, such perfection constitutes a transfer deemed to have been made at the time of recording.  Therefore, the Trustee asserts, the transfer by the Debtor to Chase of the mortgage interest in the Property was deemed to have occurred at the time of perfection, December 17, 2003.  Thus, the transfer was made for, or on account of, an antecedent debt rather than contemporaneously with the rendering of value upon the Debtor, i.e. the Refinance Loan.  The Trustee asserts that when a transfer on account of an antecedent debt occurs within 90 days prior to the filing of a bankruptcy petition, it results in a preferential transfer which must be avoided under § 547(b) of the Bankruptcy Code.

Because the Trustee seeks to avoid the transfer as preferential, it has the burden of proving all of the necessary elements of an avoidable preference.  The elements of an avoidable preference are set forth in § 547(b) of the Bankruptcy Code.  In relevant part, that section provides as follows:

> … the trustee may avoid any transfer of an interest of the debtor in property-
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made--
>
>> (A) on or within 90 days before the date of the filing of the petition; or
>>
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if--
>
>> (A) the case were a case under chapter 7 of this title;
>>
>> (B) the transfer had not been made; and
>>
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).  "All five elements are prerequisites to the finding of a voidable preference."  In re Arnett, 731 F.2d 358, 360 (6th Cir. 1984).

Although not plainly stated in the language of §  547(b)(5), Chase urges this Court to find it necessary that the Trustee establish that there has been diminution of the debtor's estate in order to prevail on its preference claim.  The Court finds significant guidance from other circuits that have interpreted and read § 547(b)(5) to require a diminution of the estate as a necessary element of an avoidable preference action.

4

Notably the Seventh Circuit in <u>Warsco v. Preferred Technical Group</u> remarked on

whether a transfer diminished the debtor's estate in interpreting § 547, and concluded:

> We have recognized that the 'diminished estate' element of a
> preferential transfer is consistently applied, and we have
> previously refused to disturb its application.  In keeping with
> [ ] prior precedent and that of other circuits, we continue to
> consider whether the transfer in question diminished the
> debtor's estate.  Although the diminution of the debtor's
> estate is not an element expressed in § 547(b), the Seventh
> Circuit continues to uphold its consideration as an implied
> factor.

258 F.3d 557 (7th Cir. 2001).  Similarly, the Tenth Circuit Bankruptcy Appellate Panel

stated that "the fundamental inquiry under § 547(b) will be whether the Debtor had a

legal or equitable interest in the property [transferred] such that the transfer at issue

diminished or depleted the Debtor's estate." <u>In re Clyde F. Moses</u>, 256 B.R. 641, 645

(10th Cir. 2000).  See also, <u>In re Southmark Corp.</u>, 49 F.3d 1111 (5th Cir. 1995) (of

particular importance in determining if funds are property of the debtor's estate is

whether the payment of those funds diminished the resources from which the debtor's

creditors could have sought payment); <u>Carlson v. Farmers Home Admin. (In re</u>

<u>Newcomb)</u>, 744 F.2d 621, 626 (8th Cir. 1984) ("To be avoidable a transfer must deprive

the debtor's estate of something of value which could otherwise be used to satisfy

creditors."); <u>In re Superior Stamp & Coin Co. Inc.</u>, 223 F.3d 1004, 1007 (9th Cir. 2000)

(courts apply "diminution of estate doctrine", under which transfer of an interest of debtor

in property occurs when transfer "diminish[es] directly or indirectly the fund to which

creditors of the same class can legally resort for the payment of their debts, to such an

extent that it is impossible for other creditors of the same class to obtain as great a

percentage as the favored one.").

5

Finally, the Supreme Court interpreted the now superceded Bankruptcy Act to require that diminution of the bankrupt's estate be shown before a transaction will be deemed preferential. New York County Nat. Bank v. Massey, 192 U.S. 138, 147 (1904). Although neither the Bankruptcy Act nor the current Bankruptcy Code contain an explicit diminution of the estate requirement, the Court in Massey read Section 60(a) of the Act to require that there in fact be a diminution of the estate. Section 60(a) of the Bankruptcy Act read:

> A person shall be deemed to have given a preference if, being insolvent, he has … made a transfer of any of his property, and the effect of the … transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.

The language of Section 60(a) is strikingly similar to the language of § 547(b)(5).

In ruling on whether a mortgage was voidable by the trustee in bankruptcy as a preference under § 547, the Sixth Circuit found that absent diminution a transfer has no preferential effect. Spradlin v. Inez Deposit Bank (In re Lowe), 92 Fed.Appx. 129, 133 (2003). While this view is dicta contained in an unpublished decision of the Sixth Circuit, the Court nonetheless finds the reasoning to be persuasive.

This Court is persuaded that, under § 547, it is the Trustee's burden to establish that there was in fact a diminution of the debtor's estate. In this case, the Trustee has not shown diminution in as much as the value of the estate did not change, in fact not even the identity of the mortgage holder changed. The Refinance Loan added value to the estate, and the Refinance Mortgage encumbered the estate by the same amount. When a debtor exchanges one secured debt for another, the estate is not diminished. Shapiro v. Homecomings Financial Network, Inc. (In re Davis), 319 B.R. 532, 536

6

(Bankr. E.D. Mich. 2005).  Therefore, this Court finds that Chase's refinance, and its

perfection of its own mortgage, did not result in a diminution of the estate.

In looking at the refinancing transaction as a whole, the Court agrees with the

following language from Gregory v. Community Credit Co. (In re Biggers), 249 B.R. 837,

877-79 (Bankr. M.D. Tenn. 2000), which was quoted in the reasoning of Judge McIvor:

> Looking only at the 'trees' and parsing each component of the refinancing, it is easy to conclude that the transfer allowed CCC to receive more that it would receive in a Chapter 7 case. CCC released the original (Cityside) lien on the pickup. CCC took a new note and received a new security interest. But for the new security interest, CCC would have been an unsecured creditor in a case under Chapter 7. Viewed in this narrow light, perfection of the new lien enabled CCC to realize a greater share of the estate. However, in transactions that involve collateral substitution or renewal of a lien or security interest, many courts have measured the transaction as whole to determine whether the estate was diminished. . .  The concept here is the same as the idea developed in old Supreme Court opinions under old bankruptcy acts-that a voidable preference must 'impair'.
>
> The *Biggers* court found that the act of refinancing did not deplete estate assets because the original lien was not a preference and a replacement lien neither benefits the debtor or prefers any creditor; it simply replaces a non-preferential secured claim with another secured claim. *Id.,* at 877-879. Because the refinancing lender merely replaced the original lender, no creditor was preferred and § 547 did not apply.

Shapiro v. Homecomings Financial Network (In re Davis), 319 B.R. 532, 536 (Bankr.

E.D. Mich. 2005)(quoting In re Biggers, 249 B.R. at 877-879).

Even if the Court did find diminution, the earmarking doctrine would protect

Chase's security interest in the Debtor's Property from being avoided as a preference.

The earmarking doctrine is recognized by the Sixth Circuit, and says that: "If all that

occurs in a 'transfer' is the substitution of one creditor for another, no preference is

created because the debtor has not transferred property of his estate; he still owes the

same sum to a creditor, only the identity of the creditor has changed."  McLemore v.

Third National Bank in Nashville (In re Montgomery), 983 F.2d 1389, 1395 (6th Cir.

1993).  The theory is that if a transfer is nothing more than the substitution of one

7

creditor for another, no preference is created because the loaned funds never become part of the debtor's property. Id. at 1395.    The Eighth Circuit established a three part test to determine whether a transaction qualified for the earmarking doctrine:

> 1) the existence of an agreement between the new lender and the debtor that the new funds will be used to pay a specified antecedent debt; 2) performance of that agreement according to its terms; and 3) the transaction viewed as a whole (including the transfer in of the new funds and the transfer out to the old creditor) does not result in a diminution of the estate.

In re Bohlen, 859 F.2d 561, 566 (8th Cir. 1988).  The doctrine applies when a security interest is given for funds used to pay secured debts.  Id.

In analyzing whether the earmarking doctrine was applicable to the transfer in this case, the Bankruptcy Court determined that there were actually two distinct transfers that occurred.  The first was a transfer of funds from Chase to the Debtor to pay off the loan secured by the Purchase Money Mortgage.  The second transfer occurred upon the recording of the Refinance Mortgage in favor of Chase.  The Court found only the first transfer, the transfer of funds, to be protected by the earmarking doctrine.  See, Gold v. Interstate Financial Corp. (In re Schmiel), 319 B.R. 520 (Bkrtcy. E.D. Mich. 2005). Because the Trustee sought to avoid the second transfer (the Debtor's granting of a security interest in his Property to Chase) and not the first, the Bankruptcy Court found the earmarking doctrine inapplicable in this case.

This Court disagrees with the view of the Bankruptcy Court that the Refinance Loan transaction constitutes two transfers for purposes of applying the earmarking doctrine.  Simply stated, the Debtor refinanced his home with Chase.  Chase paid off the

8

existing mortgage and recorded its interest in the Property, albeit outside the ten-day period provided for in §547(e).  The granting of the loan and recording the mortgage are two sides of the same coin, they are one transaction.  To view it any other way would be to elevate form over substance.  Conceivably there are scenarios that lend themselves to viewing a loan/mortgage transaction as two distinct events, however, the facts of this case do not.  In those scenarios that do, the Trustee will presumably be able to meet his burden of proof.

The Court has support for its position that the Refinance Loan in this case is a single transaction for purposes of the earmarking doctrine.  The Eighth Circuit treated a second mortgage as a unitary transaction, and applied the earmarking doctrine to find no avoidable transfer in Kaler v. Community First Nat'l Bank (In re Heitkamp), 137 F.3d 1087 (8th Cir. 1998).  In that case, the debtors borrowed money from the bank to build a house, in return for a mortgage on the property.  When the debtors needed more money to complete the house, the bank issued cashier's checks payable to subcontractors in return for a second mortgage on the property.  Due to an oversight, the mortgage did not get recorded within 10 days, and in fact was recorded three days before the debtors filed their Chapter 7 bankruptcy petition.  The Trustee brought an adversary proceeding to set aside the debtors' transfer of the second mortgage interest to the bank as a preference under 11 U.S.C. § 547(b).  The Eighth Circuit found that the earmarking doctrine applied because the bank and the debtors "agreed the secured funds would be used to pay specific preexisting debts, the agreement was performed, and the transfer of the mortgage interest did not diminish the amount available for distribution to the [debtors'] creditors."  Id. at 1089.  The Court reasoned that before the loan the debtors owed

9

subcontractors $40,000 secured by the house and after the loan the debtors owed the bank $40,000 secured by the house.  The debtors' assets and net obligations remained the same.  <u>Id</u>.  The Eighth Circuit did not view the filing of the second mortgage as a separate transaction in applying the earmarking doctrine.  Accord, <u>Shapiro v. Homecomings Financial Network (In re Davis)</u>, 319 B.R. 532, 536 (Bankr. E.D. Mich. 2005); <u>Gregory v. Community Credit Co. (In re Biggers)</u>, 249 B.R. 873, 877 (Bankr. M.D. Tenn. 2000).

The Trustee has failed to show diminution of the Debtor's estate in this case where the Refinance Loan added value in the same amount that the Refinance Mortgage encumbered the estate.  Furthermore, when the transaction is viewed as a whole, as it must be under the earmarking doctrine, the Debtor's estate had the same value before the refinance transaction took place as it did after the Refinance Mortgage was recorded.

<u>CONCLUSION</u>

For the reasons set forth above, the Court REVERSES the Bankruptcy Court's grant of summary judgment in favor of the appellee, and grants summary judgment in favor of the appellant, Chase.


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE


Dated:  March 6, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 6, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

10